IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

BILLY RENEE BAILEY, )
 )
    Plaintiff, )
 )
v. ) Case No.: CV-01-PT-3047-E
 )
RALPH TOLAND, et al., )
 )
    Defendants. )

**FILED**
JUN 2 4 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ENTERED**
JUN 2 4 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendant Ralph Toland's Motion to Strike and Motion to Dismiss the Amended Complaint/Alternative Motion for More Definite Statement filed on April 4, 2002.

The court adheres to its ruling that the claims against defendant Toland in his official capacity are due to be dismissed. If plaintiff becomes incarcerated in the Clay County jail, she can seek emergency relief by way of a proposed amendment and petition for temporary restraining order, preliminary injunction, etc. Any present claim for injunctive relief is subjective, tenuous, speculative and conclusory.

Apparently the plaintiff does not purport to state a state law assault and battery claim against defendant Toland in any capacity. (See IV of plaintiff's brief dated June 8, 2002.)

The nebulous, conclusory allegations and arguments of the plaintiff do not bring much focus on what the plaintiff is claiming as to either defendant Toland in his individual capacity or as to defendant Clay County. To the extent that the plaintiff is claiming that bad physical conditions at the jail caused the jailor to rape the plaintiff, the motion to dismiss any such claims against defendant Toland, in any capacity, will be granted based upon the lack of an alleged

39

constitutional violation, appropriately alleged causation, and/or qualified immunity. Any such claim against Clay County is due to be dismissed because of controlling Eleventh Circuit and U.S. Supreme Court precedent with regard to claims against Alabama counties for the operation of jails by sheriffs.

If the plaintiff purports to make a discrete claim against defendant Toland in his individual capacity and Clay County for alleged damages suffered by the plaintiff as the result of unconstitutional jail conditions purportedly causing some damage to the plaintiff other than the alleged rape, the court will, at this time, allow the plaintiff to maintain such claims. The trial of any such claims will, however, be severed from any trial against the alleged jailor culprit and limited to alleged damages caused by physical jail conditions other than a rape.

The court does not demean the plaintiff's claim based upon alleged horrific conduct of the jailor. On the other hand, the court cannot allow the plaintiff to stretch the law in a mere attempt to envelop target defendants.

This ___24th___ day of June 2002.

/s/ Robert B. Propst
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

2